United States District Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PONCIANO JASSO GONZALEZ, | § § | CIVIL ACTION NUMBER 4:26-cv-02131 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PAMELA BONDI, *et al*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Petitioner Ponciano Jasso Gonzalez filed a petition for writ of *habeas corpus* on March 17, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates the Due Process Clause of the Fifth Amendment and principles of separation of powers, while also being premised on an unlawful stop, detention, and arrest. Id at ¶¶18, 45–62.

Prior order noted that the petition appeared to primarily raise issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–4. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention, specifically as to his arguments under procedural due process and separation of powers principles. Id at 4.

Pending also is a motion by the Government for summary judgment. Dkt 5. It argues that Petitioner's detention is mandated by §1225(b)(2)(A) and does not violate due process. Id at 7–17. It further contends that

Petitioner's separation of powers claim fails to the extent it relies on insulation from judicial review, given that his detention is subject to review on *habeas* through this action. Id at 17–18. In reply, Petitioner maintains that his detention violates procedural and substantive due process. Dkt 6 at 1–11.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

o *Ponce Delgado v Bondi*, 4:26-cv-01853 (SD Tex, Apr 30, 2026): Holding that separation of powers claims that depend on insulation of detention from judicial review necessarily fail to the extent that claims proceed on the merits.

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Ponciano Jasso Gonzalez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___May 26, 2026___ , at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge

3